THE CITY OF NEW YORK, Plaintiff, *v.* PSATY AND FUHRMAN, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Sixth District, March 14, 1938.

*William C. Chanler, Corporation Counsel* [*A. B. Silvers* of counsel], for the plaintiff.

*M. Carl Levine* [*David Margolies* of counsel], for the defendant.

McNULTY, J.   The facts in this matter are that on September 26, 1928, the defendant, a building contractor, entered into a contract with the board of education of the city of New York for the general construction of Public School 227 in the borough of Brooklyn.

Under the terms of the said contract, the defendant, as the general contractor, was required to erect a temporary toilet on the premises for the use of the workmen (contract, § 38), and to furnish and install the plumbing work in connection therewith (contract, § 39). It was also provided that " the contractor shall provide the water necessary for all work on the premises up to the time of its completion " (contract, § 47).   In compliance with sections 38 and 39 of the contract, the defendant built a temporary wooden shed on the premises which contained four water closets for toilet purposes for the workmen.

Construction of the school was commenced by the contractor prior to February 4, 1929, and completed in February, 1930.

On February 4, 1929, the commissioner of water supply, gas and electricity caused a water meter to be installed in the said toilet to measure the quantity of water supplied for toilet purposes only, in connection with the construction of this school.   After its installation the meter was duly inspected and read by inspectors of the department of water supply, gas and electricity at various

intervals up to August 29, 1929, upon which date the last meter reading took place. At the trial herein there was some evidence that leaks were found in the pipes by the inspectors causing a waste of water. Subsequent to August 29, 1929, and on October 28, 1929, an inspector found that the toilet building had been razed and the meter removed, and the workmen using the permanent school toilets which were then completed.

Because of the removal of the meter no meter reading was possible to show the quantity of water supplied for such toilet purposes subsequent to August 29, 1929, and no charge was made therefor.

The defendant in this action stands in the relation of a consumer of this water to the city of New York which is the seller. Since the defendant was obligated to supply all the water for the work, and since the toilets to be erected by the defendant were necessary incidents of such work, the liability for the water used in this connection rests with this defendant. The toilets in their use were an incident clearly connected with and essential to the work being carried on at this location. The city is entitled to be paid for water that it supplies to any one, and may charge for it in either of the methods set forth in the charter which was in effect at the time of this work. Since the defendant was required to supply the water it is also required to pay for it.

Section 475 of the then Greater New York Charter is applicable to this situation. The court has searched for precedent in the State of New York on this matter and is of the opinion that the precise point has never been decided in any reported cases. The case of *Parsons Construction Co.* v. *City of New York* (163 Misc. 932) is not a precedent and does not cover this situation because certain statements contained therein contradict each other. None of the other cases cited by either party resolve this question.

The defendant, as hereinabove stated, is a building contractor. Therefore, in carrying on the construction of this school he was engaged in business pursuits and the water that was used was obviously used in connection with its business. Therefore, this consumption is business consumption within the terms of section 475 of the Greater New York Charter, then in effect, and the commissioner of water, gas and electricity had the right under this section in his discretion to install a meter and charge for the water used in accordance with the readings of that meter. He might do this even though the installation was suggested by somebody other than a person officially connected with the city of New York. Therefore, the mere fact that the plumber notified the city and requested it to install a meter has no bearing on the outcome of this case.

With respect to the question of accord and satisfaction it is clear

from plaintiff's Exhibit 5 and defendant's Exhibits C and E that there was no accord and satisfaction, nor was there any payment with respect to the items involved here. The correspondence shows very clearly that both parties were discussing and settling the question of charges arising from masonry and plastering work which were separate and distinct from those charges herein involved. Therefore, the court finds for the plaintiff in the sum of $221.44 with interest thereon. Because of the pleadings herein, interest is fixed at the rate of six per cent per annum, and not at the higher rate set forth in the charter.